**Christopher Bernard AUSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–93–00417–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 15, 1994.

Annette K. Hanna, College Station, for appellant.

Lisa Tanner, Bryan, for appellee.

Before SEARS, DRAUGHN and BARRON, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, Christopher Bernard Auston, was indicted for attempted murder and unlawfully carrying a weapon on licensed premises. A jury found him guilty on the weapons charge and on the lesser included offense of aggravated assault with a deadly weapon. He was sentenced to a total of 11 years in the Texas Department of Criminal Justice and fined a total of $5,500.00. In six points of error, appellant contends the trial court committed reversible error by: 1) holding testimony of the victim's alleged statement against penal interest inadmissible; 2) admitting extraneous offenses against appellant; 3) admitting the Kontiki Lounge liquor license; 4) failing to include an instruction on necessity in the jury charge; and 5) failing to include an instruction on provocation and right to arm in the jury charge. We affirm.

The facts are in controversy. However, considering the facts in a light most favorable to the verdict, it appears that both appellant and Charles Hawkins, the victim, were at Sadie Thomas Park when someone began shooting guns into the air. A confrontation between appellant and Hawkins en-sued. Later that day, appellant saw Hawkins at the Kontiki Lounge. As Hawkins approached, appellant pulled out a gun and backed up towards the exit while shooting into the floor in front of Hawkins several times. Hawkins continued to approach and as appellant neared the exit, he shot Hawkins in the abdomen and neck. There was conflicting testimony as to whether Hawkins possessed a knife during either or both incidents.

Appellant complains in his first point of error, that the trial court erred in excluding the testimony of a third party, Morris Harrison, regarding Hawkins' alleged statement about the incidents in the park and in the bar. Harrison testified that Hawkins admitted to him, "I [Hawkins] had a knife, but it was just a misunderstanding." Appellant argues that the statement being against Hawkins' penal interest was admissible as an exception to the hearsay rule. TEX. R.CRIM.EVID. 803(24). However, the trial court excluded the statement because appellant failed to demonstrate corroborating circumstances clearly indicating the trustworthiness of the statement as required by TEX. R.CRIM.EVID. 803(24). *Williams v. State,* 800 S.W.2d 364, 367 (Tex.App.—Fort Worth 1990, pet. ref'd). A statement against penal interest is adequately corroborated if there is independent evidence of the statement's trustworthiness and there is evidence of the declarant's veracity. *Cunningham v. State,* 877 S.W.2d 310, 312 (Tex.Crim.App.1994). The relevant factors to be considered for adequate corroboration here are the timing of the declaration and its spontaneity, the party to whom the declaration was made, and the existence of independent corroborating facts. *Id.*

The record reflects that the following circumstances were offered to establish and corroborate the alleged statement against penal interest made by Hawkins to Harrison: 1) The statement was against Hawkin's penal interest because possession of a knife would violate his parole; 2) Hawkins allegedly made the statement to Harrison, a person he may have considered a friend; and 3) the statement accurately described some general

facts as to the location of both incidents, and that Hawkins was shot and hospitalized.

However, other evidence in the record weighs against the trustworthiness of the alleged statement: 1) Harrison had been summoned to testify only the night before; 2) Two subsequent witnesses, Myesia Merchant and Zavondria Shorter, whose testimony was offered by appellant to corroborate the factual content of the alleged statement, improperly remained in courtroom, and heard Harrison's testimony in violation of the Rule; 3) In addition, the testimony of these two witnesses was in conflict as to the facts between themselves, and conflicted with Harrison's testimony as well; 4) Harrison also testified that he heard of the incidents in the park and bar *prior to* his alleged conversation with Hawkins, which could have influenced his rather sudden recollection of the alleged conversation; and 5) appellant is either close friends with or related to Harrison, Shorter, and Merchant.

Under such circumstances where the factors indicating untrustworthiness are at least equal to or greater than those offered to support the trustworthiness of the alleged statement, we cannot, as requested, find that corroborating circumstances *clearly* indicate trustworthiness. *Cunningham*, 877 S.W.2d at 314. Accordingly, we find that the trial court did not abuse its discretion in refusing to admit the alleged statement against penal interest. We overrule appellant's first point of error.

■ Appellant argues in his second point of error that the trial court erred in admitting extraneous offenses against appellant. Specifically, appellant complains that: 1) state witnesses appeared before the jury in official SCAT Team Narcotics Officers' uniforms, thereby implying extraneous offenses of appellant; 2) defense witnesses impeached by testimony as to their bad character implies guilt on the part of appellant through his associates; 3) appellant's character witnesses were impeached with specific instances of prior bad acts; and 4) state witnesses were allowed to testify regarding appellant's bad character. Normally when multiple legal theories are combined in one ground of error, it is multifarious and presents nothing

for appellate review; however, since we were able to distinguish appellant's contentions from one another, we will discuss them on their merits. *Morin v. State*, 682 S.W.2d 265, 267 (Tex.Crim.App.1983).

■ At the punishment phase of the trial, state witnesses appeared in official uniforms and testified as to their specialization in gang and narcotics investigations. Standing alone, such official uniforms do not prejudicially infer that appellant was guilty of unarticulated extraneous offenses. It merely provided some indicia of the qualifications of these witnesses to testify as to appellant's character pursuant to Tex.R.Crim.Evid. 405(a). These witnesses also testified as to appellant's bad reputation for being a peaceful and law abiding citizen. This testimony was clearly admissible pursuant to Tex.R.Crim. Evid. 405. Even if such uniforms raised a hint of prejudice, it does not remotely approach the level of reversible error

■ Nor do we agree with appellant that impeachment of his defense witnesses by evidence of their bad character for truthfulness implied guilt of appellant by association. It is a given that a witness's credibility for truthfulness may be attacked by opinion or reputation testimony pursuant to Tex. R.Crim.Evid. 608(a). Also, the state did not question defense witnesses about their prior criminal convictions to show appellant's guilt through his associates. Rather, the state attempted to impeach these defense witnesses in accordance with Tex.R.Crim.Evid. 609. It is fundamental that witnesses who take the stand under oath must be expected to run the gauntlet of cross-examination as to their credibility.

■ Appellant complains that the prosecutor asked defense witness Westbrook during the punishment phase of the trial about prior specific instances of assaultive conduct by appellant. However, on direct examination, Westbrook previously testified as to his opinion of appellant's peacefulness. Thus, he opened the door for the state to ask "did you know" questions regarding specific instances of nonpeaceful conduct by appellant. *See* Tex.R.Crim.Evid. 404(c). The prosecutor did not introduce any extraneous offenses. Ap-

pellant's multifarious arguments, even when considered individually, are without merit, and point of error number two is overruled.

■ In his third point of error, directed at the weapon possession conviction, appellant complains that the trial court erred in admitting the liquor license of the Kontiki Lounge, where the offense occurred, as a self-authenticating certified public record under TEX. R.CRIM.EVID. 902(4). We disagree. The affidavit of the custodian of records of the Texas Alcoholic Beverage Commission states in pertinent part:

> After a diligent search of the records, I find that the said Wine and Beer Retailer's Permit, BG–107547, was suspended by Administrator's Orders: Docket No. 537217 for a period of thirty (30) days beginning on the 30th day of July, 1990; Docket No. 530829 for a period of ten (10) days beginning on the 11th day of September, 1989; and I further find that the said permit is in full force and effect.

Clearly, the license was not suspended without limitation, thus the jury could reasonably conclude that the license was in full force and effect on March 15, 1992.

■ Appellant also asserts in his third point of error that the trial court erred in admitting the Kontiki Lounge liquor license because it was tendered subsequent to the trial court's discovery deadline. On March 12, 1993, the state produced the license because that was when the state received a copy from the Texas Alcoholic Beverage Commission. However, at a pretrial hearing March 26, 1993, the trial court denied admission of the liquor license. Due to a mistrial ruling by the court, appellant was afforded more than two additional weeks to investigate the status of the license; thus the trial court reconsidered and admitted the license into evidence over appellant's objection that he could not afford to pay investigators to look into the matter. The passage of a month vitiates any element of surprise to the appellant and affords him sufficient time to investigate the validity of the license. It was within the trial court's discretion to admit the Kontiki Lounge's liquor license. The third point of error is overruled.

■ Appellant argues in his fourth point of error that the trial court erred in excluding instructions on necessity from the jury charge. The jury charge may contain instructions on self-defense despite defendant not testifying in order to preserve his fifth amendment right against self incrimination. *Smith v. State,* 676 S.W.2d 584, 586–87 (Tex.Crim.App.1984) (en banc). However, the appellant, in order to warrant a plea of justification based on necessity, must specifically admit to the offense. The plea of necessity goes more to appellant's state of mind than the general plea of self-defense. A plea of necessity requires that *the actor* reasonably believe his conduct is immediately necessary to avoid imminent harm. TEX.PENAL CODE ANN. § 9.22(1) (Vernon 1974). Appellant did not testify, nor present any such evidence as to his state of mind. Therefore, such an instruction was properly omitted. *Leach v. State,* 726 S.W.2d 598, 600 (Tex. App.—Houston [14th Dist.] 1987, no pet.). Accordingly, appellant's fourth point of error is overruled.

■ In his fifth point of error, appellant contends that the trial court erred in excluding instructions on provocation and the right to arm. Provocation is a limitation on the right to self-defense. A charge on provocation should cover particular facts in evidence and should be in a distinct paragraph separate from the charge on self-defense. *Smith v. State,* 411 S.W.2d 548, 552 (Tex. Crim.App.1967). Appellant failed to request a charge on provocation. Thus, appellant by failing to request it or object to its absence, waived the error, if any existed. It logically follows that where the Court gives no charge on provocation, it should not charge on the defendant's right to arm himself. *Young v. State,* 530 S.W.2d 120, 121–22 (Tex.Crim.App. 1975) and *Cevallos v. State,* 755 S.W.2d 901, 906 (Tex.Crim.App.1988). Since the trial court gave appellant an unlimited right of self-defense, he was not entitled to the additional instruction which he requested. Appellant's fifth point of error is overruled.

■ In his sixth point of error, appellant argues that the trial court erred in denying him the records of all police calls to the Kontiki Lounge. Appellant filed a subpoena

duces tecum commanding the custodian of records at the Bryan police Department to produce *all* incident reports of calls to the Kontiki Lounge. The state filed a motion to quash which was granted by the trial court. A request for all incident reports of calls to the Kontiki Lounge is overly broad and irrelevant. TEX.R.CRIM.EVID. 401 & 402. The purpose for suspending the Kontiki Lounge's liquor license in the past is not relevant or material to the offenses with which appellant was charged. *See Brem v. State,* 571 S.W.2d 314, 322 (Tex.Crim.App.1978). Appellant has shown no error and point of error number six is overruled.

We affirm the judgment of the trial court.