Salazar, Jr.-A v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-115-CR

        ALBERT SALAZAR, JR.,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 278th District Court
Madison County, Texas
Trial Court # 9443
                                                                                                    

O P I N I O N
                                                                                                    

          A jury convicted Albert Salazar, Jr. of possessing a deadly weapon in a penal institution
and sentenced him to ten years in prison. Tex. Penal Code Ann. § 46.10 (Vernon 1994). 
Salazar's sole point of error asserts that the trial court erred in failing to instruct the jury to
disregard. We will affirm.
          In his sole point, Salazar complains that the court erred in failing to give an instruction to
disregard the State's witness' reference to "gang material," arguing that such a reference was an
extraneous offense and highly prejudicial. Although Salazar's point combines multiple legal
theories in one ground of error, which is normally considered multifarious and not presenting
anything for review, we are able to identify Salazar's arguments; thus, we will consider his
arguments on the merits. See Morin v. State, 682 S.W.2d 265, 267 (Tex. Crim. App. 1983);
Auston v. State, 892 S.W.2d 141, 144 (Tex. App.—Houston [14th Dist.] 1994, no pet.). 
          We will, first, address Salazar's extraneous offense argument. When determining whether
evidence is an extraneous offense, the evidence must demonstrate that a crime or bad act was
committed and that the defendant was connected to that offense or bad act. Lockhart v. State, 847
S.W.2d 568, 573 (Tex. Crim. App. 1992); Martin v. State, 823 S.W.2d 726, 729 (Tex.
App.—Waco 1992, pet. ref'd); Laca v. State, 893 S.W.2d 171, 186 (Tex. App.—El Paso 1995,
pet. ref'd). The record, here, shows that while conducting a search of Salazar's cell, Ernest
Dobbs, an officer at the Texas Department of Corrections, discovered a metal shank. He testified:
Well, the thing that I picked up the first time, it was a piece of cardboard it had markings
on it like symbols and stuff that really couldn't read; but you could tell its -- I mean, like
you see in gang material. I was throwing it out of his house and when I did, I noticed it
was way too heavy for a piece of cardboard, I knew substantially too heavy for a piece of
cardboard, so, I got out of the house and picked it back up off the floor where I threw it. 
(Emphasis added). The reference to "gang material" does not constitute an extraneous offense. 
The evidence does not prove that the defendant committed or was connected to an offense or a bad
act. Because this reference is not extraneous offense evidence, the court properly refused
Salazar's request to give an instruction to disregard the statement. 
          Salazar's second argument contends that the reference to "gang material" is highly
prejudicial. Rule 403 allows the trial court to exclude evidence which is more prejudicial than
probative. Tex. R. Crim. Evid. 403. However, before an accused can complain that the court
failed to exclude highly prejudicial evidence, the accused must specifically object on 403 grounds. 
See Montgomery v. State, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (on rehearing). Here,
Salazar did not assert a 403 objection when the witness referred to "gang material." Without a
proper objection, he did not preserve the complaint for our review. 
          Having determined that the reference to "gang material" was not an extraneous offense and
that Salazar waived his complaint about the evidence being prejudicial, we overrule his point and
affirm the judgment.

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 19, 1997
Do not publish