NO. 07-99-0322-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 15, 2000

______________________________

RICKY LYNN WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 100TH DISTRICT COURT OF HALL COUNTY;

NO. 3065; HONORABLE DAVID M. McCOY, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Following his plea of not guilty, appellant Ricky Lynn Williams was convicted by a jury of escaping from the Hall County Jail and punishment was assessed at ten years confinement.  By three points of error, appellant contends 1) there was no evidence that James Galvan was a peace officer or a public servant acting pursuant to a court order; 2) the trial court committed reversible error by excluding evidence of his reasons for pleading nolo contendere to the original charges upon which he was being held and denying him the opportunity to explain the overall circumstances of his leaving confinement or incarceration, generally described as the defense of necessity; and 3) the trial court erred in denying his motion for continuance.  Based upon the rationale expressed herein, we affirm. 

Appellant was first convicted of aggravated sexual assault in Hall County and sentenced to forty years confinement.  While being held in the Hall County Jail awaiting transportation to the Institutional Division of the Texas Department of Criminal Justice, appellant escaped on May 18, 1997.  Following his escape and capture, appellant was indicted and convicted for  “intentionally and knowingly [escaping] from the custody of James Galvan, who was then and there Hall County Jailer, when the said defendant was convicted of the offense of aggravated sexual assault, a felony . . . .” 

By his first point, appellant contends there was no evidence that James Galvan was a peace officer or a public servant acting pursuant to an order of a court.  We disagree.  Because we interpret appellant’s point as a legal sufficiency challenge, we first set out the appropriate standard of our review.  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. The elements of the offense of escape are:

(a) A person commits an offense if he escapes from custody when he is:

(1) under arrest for, charged with, or convicted of an offense; or

(2) in custody pursuant to a lawful order of a court.

Tex. Pen. Code Ann. § 38.06(a) (Vernon 1994).  As material here, the indictment alleged that appellant escaped from the custody of James Galvan, who was then and there Hall County Jailer, when the said defendant was convicted of aggravated sexual assault.  

The State established by the testimony of both Doug Wright, the director of the probation department for the 100th District Court, and Hall County Jailer James Galvan, sufficient evidence to support appellant’s conviction.  On direct examination, after making a personal identification of appellant in court, Wright testified that he was present in the court room on May 12, 1997, when appellant was convicted of aggravated sexual assault.  Also, Wright confirmed that following that conviction, the court ordered him held by the Hall County Sheriff to await transfer to the Texas Department of Criminal Justice-Institutional Division.  Then, on cross-examination, Wright clarified his testimony that the May 12, 1997 hearing was actually an adjudication hearing following deferred adjudication.  James Galvan testified that on May 18, 1997,
 he was employed as a jailer and dispatcher by the Hall County Sheriff.  After making an in-court  identification of appellant, Galvan described the jail facilities.  He concluded his testimony by describing the events of the evening of May 18, 1997, when he discovered appellant was missing and could not be located anywhere in the Hall County Jail.  From the foregoing, we conclude that a rational trier of fact could have found the essential elements of the crime were established beyond a reasonable doubt.  Accordingly, appellant’s first point is overruled.  

By his second point, appellant contends the trial court erred in excluding evidence of his reasons for pleading nolo contendere to the original charges upon which he was being held and denying him the opportunity to explain the overall circumstances of his leaving confinement or incarceration in the jail.  Appellant’s third point contention is that the trial court erred in denying his motion for continuance.  Because points two and three are directed to appellant’s justification or necessity defense, we will consider them together.

We review rulings concerning the admission or exclusion of evidence utilizing an abuse of discretion standard.  Erdman v. State, 861 S.W.2d 890, 893 (Tex.Cr.App. 1993).
 A motion for continuance is addressed to the discretion of the trial court and the failure to grant such a motion is not error absent a showing of abuse of discretion.  Smith v. State, 721 S.W.2d 844, 850 (Tex.Cr.App. 1986).

By his bill of exception, appellant testified that because he had made a tape recording of the former sheriff being involved in an alleged illegal drug transaction, he feared for his life.  Also, because appellant had not informed his attorney of the tape’s existence until shortly before the trial commenced, he contended that a continuance should be granted.  In substance, appellant claimed that after the former sheriff had threatened him with a gun, he feared he had to escape before being called to testify against another defendant.  Without referencing the defense of necessity, Tex. Pen. Code Ann. § 9.22 (Vernon Supp. 2000), appellant contends the trial court erred in excluding the evidence to support his defense of justification or necessity
 and in denying his motion for continuance.  We disagree. 

By pleading not guilty to the offense of escape, appellant gave up his entitlement to assert the plea of justification or necessity.  Before a plea of justification based on necessity is warranted, the defendant must specifically admit to the offense.  Auston v. State, 892 S.W.2d 141, 145 (Tex.App.--Houston [14th Dist.] 1994, no pet.);
 
see also
 Posey v. State, 966 S.W.2d 57, 70 n.10 (Tex.Cr.App. 1998), concurring opinion by Justice Womack.  Accordingly, we hold the trial court did not commit reversible error by excluding the evidence and denying appellant’s motion for continuance.  Points of error two and three are overruled.  

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

     Justice

Do not publish.