Affirmed and Memorandum Opinion filed February 1, 2005









Affirmed
and Memorandum Opinion filed February 1, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01414-CR

_______________

 

RONALD CHARLES HOLCOMB, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

__________________________________________________

 

On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 938,482

__________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Ronald Charles Holcomb, was convicted by a jury of
the offense of evading detention, and the court sentenced him to thirty five
years= confinement.  In five issues, appellant contends (1) the
trial court erred in failing to instruct the jury on the defensive issue of
necessity, (2) appellant received ineffective assistance of counsel at trial,
and (3) the evidence was legally and factually insufficient to support his
conviction.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.      








I.  Background

On February 5, 2003, Officer Berry of the Houston Police
Department was on patrol when he observed appellant driving a vehicle that was
not displaying a rear license plate. 
Officer Berry stopped appellant and approached the car.  Officer Berry observed that a female
passenger was riding with appellant.  He
also noticed that appellant was moving around in the seat and would not keep
his hands still.  Officer Berry asked
appellant for his driver=s license and proof of insurance, but appellant responded
that he did not have either.  Appellant
then reached into his left pocket. 
Officer Berry thought appellant might have been reaching for a weapon,
so he drew his gun and told appellant to slowly remove his hand from his
pocket.  Appellant did not comply, but
instead sped away in his car.

Officer Berry got into his patrol car and pursued
appellant.  Appellant eventually pulled
into the driveway of a residence.  When
Officer Berry pulled up to appellant=s car, he saw the female passenger
standing near the car.  The female
passenger indicated that appellant had gone to the back of the home.  Officer Berry drew his gun and went to look
for appellant.  He saw appellant running
and yelled at appellant to Astop.@  Appellant continued
to run, so Officer Berry chased and eventually caught him.  Appellant knocked the gun out of Officer
Berry=s hand, and a struggle ensued.  Officer Berry continued to struggle with
appellant for several minutes before backup officers arrived at the scene and
helped subdue appellant.  Appellant was
handcuffed and escorted away in a patrol car. 

II.  Jury Instruction

In his first issue, appellant contends the trial court erred
by failing to instruct the jury on the defensive issue of necessity.  Appellant contends he was entitled to an
instruction on necessity because the record establishes appellant fled from
Officer Berry because he had a reasonable fear he was about to be harmed. 








To preserve error on a defensive charge, an appellant must
object or make a specific request for the instruction.  Posey v. State, 966 S.W.2d 57, 61
(Tex. Crim. App. 1998).  In this case,
appellant did not object or request a defensive charge on necessity.  Therefore, appellant waived any error.  We overrule appellant=s first issue.

III.  Assistance of Counsel

In his second and third issues, appellant contends he was
denied effective assistance of trial counsel under both the federal and Texas
constitutions.  Specifically, appellant
contends trial counsel was ineffective for failing to object to the trial court=s omission of an instruction on the
law of necessity in the jury charge.








The right to effective assistance of counsel is guaranteed by
both the federal and Texas constitutions. 
See U.S. Const.
Amend. VI; Tex. Const. Art. I, ' 10. 
The standard for testing ineffective assistance of counsel claims was
established in Strickland v. Washington, 466 U.S. 668 (1984), and
adopted by the Texas Court of Criminal Appeals in Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Crim. App. 1986).[1]  To demonstrate ineffective assistance of
counsel, a defendant must show (1) counsel=s performance fell below an objective
standard of reasonableness under prevailing standards of professional norms;
and (2) there is a reasonable probability that, but for counsel=s deficient performance, the result
of the proceeding would have been different. 
Strickland, 466 U.S. at 668; Rodriquez v. State, 899
S.W.2d 658, 664 (Tex. Crim. App. 1995). 
In considering the first prong, we indulge a strong presumption that
counsel=s actions fell within the range of
reasonable professional behavior.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  To overcome this presumption, an allegation
of ineffectiveness must be firmly demonstrated in the record.  Id. 
We assume counsel=s actions and decisions were reasonably professional and they
were motivated by sound trial strategy.  Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 

In the present case, nothing in the record reveals counsel=s trial strategy with regard to the
necessity defense. In most cases, a silent record which provides no explanation
for counsel=s actions will not overcome the
strong presumption of reasonable assistance. 
Rylander v. State, 101 S.W.3d 107, 110B11 (Tex. Crim. App. 2003); Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Without a record to explain the motivation
behind counsel=s failure to object to the jury
charge, we cannot conclude appellant has met his burden of demonstrating by a
preponderance of the evidence that counsel=s performance was deficient.  We overrule appellant=s second and third issues. 

IV.  Sufficiency of the Evidence

In his fourth and fifth issues, appellant contends the
evidence is legally and factually insufficient to support his conviction for
evading detention.  Specifically,
appellant contends the evidence is insufficient because the record shows that
he was acting out of necessity in fleeing from officer Berry. 

In reviewing the legal sufficiency of evidence to support a
conviction, we view all the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000); Wesbrook v. State, 29 S.W.3d 103, 111 (Tex.
Crim. App. 2000).  In conducting our
review, we do not reevaluate the weight and credibility of the evidence, but
only ensure that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993).








In reviewing the factual sufficiency of evidence to support a
conviction, we view all the evidence in a neutral light, favoring neither
party.  See Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004). 
The only question to answer in a factual sufficiency review is whether,
considering the evidence in a neutral light, the fact finder was rationally
justified in finding guilt beyond a reasonable doubt.  Id. at 484.  There are two ways evidence may be factually
insufficient: (1) the evidence supporting the verdict or judgment, considered
by itself, is too weak to support the finding of guilt beyond a reasonable
doubt; or (2) when there is evidence supporting and contradicting the verdict
or judgment, weighing all the evidence, the contrary evidence is so strong that
guilt cannot be proven beyond a reasonable doubt.  Id. at 484B85. 
In a factual sufficiency review, we must address the most important and
relevant evidence that supports the appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).

The sufficiency of evidence is to be measured by the elements
of the offense as defined by the hypothetically correct jury charge for the
case.  Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997). 
Appellant contends that the hypothetically correct jury charge in this
case would have included an instruction on the defense of necessity.  Appellant contends that when measured against
this hypothetically correct charge, the evidence is insufficient to support his
conviction because the State failed to disprove the necessity defense beyond a
reasonable doubt.  See Stefanoff v.
State, 78 S.W.3d 496, 500 (Tex. App.CAustin 2002, pet. ref=d) (holding that necessity is a
statutory defense, and if the defendant presents some evidence on each element
of the defense, then the burden shifts to the State to disprove the defense
beyond a reasonable doubt). 








The Texas Penal Code authorizes necessity as a defense to a
criminal charge if: (1) the actor reasonably believes the conduct is
immediately necessary to avoid imminent harm; (2) the desirability and urgency
of avoiding harm clearly outweigh, according to ordinary standards of
reasonableness, the harm sought to be prevented by the law proscribing the
conduct; and (3) a legislative purpose to exclude justification claimed for the
conduct does not otherwise plainly appear. 
Tex. Pen. Code Ann. ' 9.22(1)B(3) (Vernon 2004).  To raise the defense of necessity, a
defendant must specifically admit to the offense.  Young v. State, 991 S.W.2d 835, 838B89 (Tex. Crim. App. 1999); Auston
v. State, 892 S.W.2d 141, 145 (Tex. App.CHouston [14th Dist.] 1994, no
pet.).  A defendant must also show that
he reasonably believed his conduct was immediately necessary to avoid imminent
harm.  Tex.
Pen. Code Ann. ' 9.22(1).  However, in
this case, appellant never admitted that he committed the offense, nor did he
offer any evidence to show he reasonably believed his conduct was imminently
necessary to avoid imminent harm. 
Therefore, the necessity defense was never raised and should not have
been part of  a hypothetically correct
jury charge.  Thus, the State was not
required to disprove the defense of necessity beyond a reasonable doubt.

To sustain appellant=s conviction for evading detention,
the State was only required to prove beyond a reasonable doubt that appellant
intentionally fled from a person he knew was a police officer attempting
lawfully to arrest or detain him.  Tex. Pen. Code Ann. ' 38.04 (Vernon 2003).  Intent is a fact question for the jury and
may be inferred from the acts and conduct of the accused.  Manrique v. State, 994 S.W.2d 640, 649
(Tex. Crim. App. 1999).

The record shows that Officer Berry stopped appellant for a
traffic offense.  When Officer Berry
approached the car, he observed that appellant was moving around in the seat
and would not keep his hands still.  When
appellant reached into his pocket, Officer Berry thought appellant might be
reaching for a weapon.  Therefore,
Officer Berry drew his gun and instructed appellant to slowly remove his hand
from his pocket.  Appellant refused to
comply with this order, sped away in his car, and was eventually apprehended
after a prolonged struggle with Officer Berry. 








The evidence supports the reasonable conclusion that
appellant knew officer Berry was a police officer and intentionally fled from
Officer Berry to evade detention.  Viewed
under the appropriate standards, we conclude the evidence is legally and
factually sufficient to support appellant=s conviction for evading
detention.  Appellant=s fourth and fifth issues are
overruled.  

Accordingly, the judgment of the
trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed February 1, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Appellant
requests that we “re-adopt” the standard previously established in Ex Parte
Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980) for reviewing ineffective
assistance claims under the State constitution. 
However, we decline to do so.