Mesha Lanique **HAGENS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–96–00868–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 29, 1998.

Rehearing Overruled Dec. 3, 1998.

---

Barbara W. Ramirez, Houston, for appellant.

Kevin Patrick Yeary, Houston, for appellee.

Before AMIDEI, HUDSON and FOWLER, JJ.

## OPINION

AMIDEI, Justice.

Mesha Lanique Hagans was indicted for murder and appeals her conviction by a jury for the lesser included offense of manslaughter. The jury assessed her punishment at ten years imprisonment. In her first nine points of error, appellant contends she received ineffective assistance to counsel. In her remaining three points of error, appellant contends the trial court erred: (10) in denying her request for a jury instruction on necessity; (11) in commenting on the weight of the evidence; and (12) in denying her second motion for a new trial. We affirm.

## I. FACTUAL BACKGROUND.

On March 3, 1996, the victim, Hollis Greenwood, and appellant had an argument at Greenwood's apartment. The only persons

present in the apartment were appellant and Greenwood. Appellant testified that Hollis was mad at her and they started struggling with each other, and then Hollis' gun fell on the floor. Appellant was scared and picked up the gun with both hands. Both Hollis and appellant struggled for the gun, and the gun discharged. One bullet struck Hollis in the face at close range, and he died in the hospital later. Appellant testified that she did not intend to shoot Hollis, and the gun went off accidentally while they were struggling.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL.

In nine points of error, appellant contends she received ineffective assistance of her trial counsel, Mr. Henry Curtis, because he "was suffering from an *undiagnosed* mental illness during trial, namely the manic phase of bipolar manic depression." The State argues that there was no evidence in the trial record suggesting that appellant's counsel had a mental illness before and during appellant's trial. The State contends the trial court had no jurisdiction to hear the second motion for new trial and that we should not consider the evidence adduced at that hearing.

**A. The Second Motion for New Trial.** Appellant was sentenced on July 1, 1996. Trial counsel filed a motion for new trial on July 2, 1996. The trial court scheduled a hearing on appellant's motion for July 5, 1996, but when counsel failed to appear, the motion was overruled. On September 19, 1996, appellate counsel filed a motion for new trial based upon ineffective assistance of counsel. On September 25, 1996, eighty-six days after sentencing, the trial court conducted a hearing on appellant's motion. Appellate counsel presented evidence that a few days after sentencing, trial counsel was involuntarily committed for treatment of severe mental depression. Appellant contends counsel's mental incapacity prevented him from rendering effective assistance. After considering the evidence, the trial court denied appellant's request for a new trial.

On appeal, appellant seeks a reversal of her conviction based upon her claim of ineffective assistance of counsel. To support her contention, appellant asks this court to review the evidence presented at the hearing on her out-of-time motion for new trial. The trial court, however, had no jurisdiction to entertain an out-of-time motion for new trial. *See State v. Bates*, 889 S.W.2d 306, 310 (Tex. Crim.App.1994) (holding that trial court had no jurisdiction to grant new trial more than 75 days after the judgment). Even the claimed deprivation of a constitutional right cannot confer jurisdiction upon a court where none exists. *See Drew v. State*, 743 S.W.2d 207, 225 (Tex.Crim.App.1987) (holding that claimed deprivation of constitutional right to confrontation of witnesses did not authorize trial court to entertain an untimely motion for new trial). Where the court lacks jurisdiction, any action taken on a matter is void and should be regarded as if it never existed. *See State v. Mapp*, 764 S.W.2d 823 (Tex. App.—Houston [14th Dist.] 1989, no pet.). Thus, the testimony presented at the motion for new trial hearing may not be considered part of the record on appeal. *See Heckathorne v. State*, 697 S.W.2d 8, 10 (Tex.App.— Houston [14th Dist.] 1985, pet. ref'd). This court may consider, therefore, only the record from the trial and the hearing on appellant's first motion for new trial.

In her supplemental brief, appellant raises her thirteenth point of error contending that counsel's failure to appear at the hearing on her first motion for new trial necessarily constituted ineffective assistance of counsel. However, a new ground of error raised in a supplemental brief, but not raised in an original brief, is not properly before the court for review. *See Allen v. State*, 795 S.W.2d 15, 16 (Tex.App.—Houston [14th Dist.] 1990, no pet.); *Berrios–Torres v. State*, 802 S.W.2d 91, 95 (Tex.App.—Austin 1990, no pet.). A supplemental or amended brief may raise new matters for the first time on appeal, but only with leave of the appellate court. *See Rochelle v. State*, 791 S.W.2d 121, 124 (Tex.Crim.App.1990). Although we granted appellant's request for an extension of time to file a supplemental brief, we did not give her leave to raise new points of error.

Even if, in the interest of justice, we should consider the new point of error, we

believe this court has no authority to consider evidence elicited at the hearing on the out-of-time motion for new trial. Appellant reasons that because we have the authority under *Trevino v. State* to remand a case to the trial court to consider an out-of-time motion for new trial, we can, for the sake of expediency, consider the record developed by the trial court at the hearing on the out-of time motion for new trial. 565 S.W.2d 938 (Tex. Crim.App.1978). Our authority under *Trevino,* however, is extremely limited.

■ When it is determined that a defendant has received ineffective assistance of counsel, the remedy for such error depends upon when it occurred. If the error occurred at the guilt/innocence phase of the trial, the conviction must be reversed and the entire cause remanded for a new trial. *See Phillips v. State,* 964 S.W.2d 735, 738 n. 2 (Tex.App.—Waco 1998, review granted). If the error occurred at the punishment phase of the trial, the conviction is retained, but the judgment is reversed and the cause remanded for a new punishment hearing. *See Hernandez v. State,* 943 S.W.2d 930, 937 (Tex.App.—El Paso 1997, pet. ref'd); *Ware v. State,* 875 S.W.2d 432, 438 (Tex.App.—Waco 1994, pet. ref'd).

■ If the ineffective assistance of counsel is manifested at the motion for new trial hearing, the sentence and notice of appeal are set aside and the cause is reversed and remanded for a new hearing on the defendant's motion for new trial. *See Trevino,* 565 S.W.2d at 941–42. Finally, if the defendant receives ineffective assistance of counsel on appeal, the error is remedied by granting a new appeal. *See Ex parte Dietzman,* 790 S.W.2d 305 (Tex.Crim.App.1990).

■ In each instance, we attempt, for the sake of judicial efficiency, to retain and affirm those segments of the proceedings which are not tainted by reversible error. While we may have the authority to reverse a judgment and remand the cause for ineffective assistance of counsel manifestly appearing in the record at the hearing on a defendant's motion for new trial, we have no authority to extend the deadlines for filing a motion for new trial. *See Oldham v. State,* 977 S.W.2d 354, 358–59 (Tex.Crim.App. 1998). Because we have no authority to order the trial court to conduct a hearing on an out-of-time motion for new trial, we have no authority to consider the record prepared at such a hearing.

■ Moreover, counsel's failure to appear at the motion for new trial hearing may or may not constitute ineffective assistance. We note that appellant filed a pro se notice of appeal several days before the scheduled new trial hearing. The motion for new trial was never presented because neither appellant nor her counsel appeared on the scheduled hearing date. Where, as here, the appellant files a pro se notice of appeal, it may be inferred that she was advised of her right to present a motion for new trial and chose not to do so. *Id.,* at 362. However, if the true facts are that appellant wanted to pursue her motion for new trial, but was frustrated by counsel's incompetence or inability, she may develop a record by way of a post-conviction writ of habeas corpus.

■ **B. Standard of Review—Ineffective Assistance of Counsel.** The U.S. Supreme Court established a two prong test to determine whether counsel is ineffective at the guilt/innocence phase of a trial. First, appellant must demonstrate that counsel's performance was deficient and not reasonably effective. Second, appellant must demonstrate that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Essentially, appellant must show (1) that his counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id; Hathorn v. State,* 848 S.W.2d 101, 118 (Tex. Crim.App.1992), *cert. denied,* 509 U.S. 932, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993). A reasonable probability is defined as probability sufficient to undermine confidence in the outcome. *Miniel v. State,* 831 S.W.2d 310, 323 (Tex.Crim.App.1992).

Judicial scrutiny of counsel's performance must be highly deferential. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. An ineffectiveness claim cannot be demonstrated by isolating one portion of counsel's representation. *McFarland v. State,* 845 S.W.2d 824, 843 (Tex.Crim.App.1992). Therefore, in determining whether the *Strickland* test has been met, counsel's performance must be judged on the totality of the representation. *Strickland,* 466 U.S. at 670, 104 S.Ct. 2052. The defendant must prove ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App. 1984).

A trial court's denial of a motion for new trial will not be disturbed absent a clear showing of abuse of discretion. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App. 1993).

**C. Application of the Law to the Facts.** In her brief, appellant discusses the first nine points together stating various ways Mr. Curtis' representation was defective: (1) by his promising evidence and testimony during his opening statement which was not produced at the trial or which was refuted by his client; (2) by his pursuit of incompatible and conflicting defensive theories; (3) by his pursuit of a defense based on some other person being the shooter; (4) by failing to argue self-defense or accident during closing argument; (5) by his failing to show up at the motion for new trial hearing July 5, 1996; (6) by allowing testimony that appellant had a lesbian relationship with the victim's daughter; (7) by failing to request an instruction on "accident" or "voluntariness"; (8) by failing to request a continuance based on his mental illness; and (9) by failing to request a continuance based on the unavailability of Detective Ware. Appellant also argued Mr. Curtis was ineffective because he did not prepare Mr. Mohamed for the trial, and did not call him to act as co-counsel until the day of the trial. In her brief, appellant argues that Mr. Curtis was mentally impaired and was thus ineffective in these various ways.

In a factually similar case, the appellant claimed his trial counsel was ineffective because he was taking a prescription drug, Prozac, which appellant claimed was well known for causing suicidal or aggressive behavior. *Gamboa v. State,* 822 S.W.2d 328, 329 (Tex.App.Beaumont 1992, pet. ref'd). In *Gamboa,* appellant's trial counsel was the only witness to testify at his motion for new trial hearing. He testified that a week or so prior to the trial, a psychiatrist diagnosed him as "manic depressive" and prescribed Prozac. Trial counsel further testified that he had started taking the drug about four days prior to the start of appellant's trial. *Id.* at 330. Trial counsel admitted that as a result of taking the drug, he felt very mellow and virtually non-aggressive. Trial counsel also stated that the drug caused his mind to be "fluffy," and that did not feel that he represented appellant effectively as a result of the effects of the drug. *Id.* The trial court denied appellant's request for a new trial. *Id.*

As in *Gamboa,* appellant in this case has failed to prove the prejudice component (the second prong) of the *Strickland* test, and the court need not address the question of counsel's performance. In *Strickland,* the United States Supreme Court held, in pertinent part:

Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,

which we expect will often be so, that course should be followed.

*Strickland,* 104 S.Ct. at 2069.

Appellant in this case has failed to prove that, even if his counsel's alleged conduct was found to be deficient, the results (either conviction or sentence) would have been different. *Gamboa,* 822 S.W.2d at 330. In short, appellant's argument under her first nine points, deal exclusively with the deficiency component of *Strickland* to the exclusion of the prejudice fact. *See Id.* We cannot consider any evidence adduced at the second motion for new trial hearing, and there is nothing in the record that suggests Mr. Curtis was suffering from any mental impairment. Furthermore, appellant fails to demonstrate how the resulting alleged deficiencies led to results that would have been different had the alleged deficient conduct not have occurred. *Id. See also Castoreno v. State,* 932 S.W.2d 597, 600–605 (Tex.App.—San Antonio 1996, pet ref'd)(eight separate instances of alleged ineffective assistance of counsel; appellant failed to prove prejudice under second prong of *Strickland* ). Appellant was charged with the murder of Hollis Greenwood, but the jury found appellant guilty of the lesser included offense of manslaughter, and assessed her punishment at ten years imprisonment (the maximum sentence is twenty years), as opposed to finding her guilty of murder with a possible life imprisonment sentence. Accordingly, we overrule appellant's points one, two, three, four, five, six, seven, eight, and nine.

### III. JURY INSTRUCTION ON NECESSITY

■ Appellant filed a motion requesting a special charge on necessity. TEX. PENAL CODE ANN. § 9.22 (Vernon 1994). Appellant did not admit that she shot the victim either by accident or otherwise. Appellant testified that she struggled with the victim, and the gun went off. There was no testimony indicating that appellant reasonably believed that shooting the victim was necessary to avoid imminent harm. In order to warrant a plea of justification based on necessity, the appellant must specifically admit to the offense. *Auston v. State,* 892 S.W.2d 141, 145 (Tex.App.—Houston[14 th Dist.]1994, no pet.). The plea of necessity goes more to appellant's state of mind than the general plea of self-defense. *Id.* A plea of necessity requires that the actor reasonably believe his conduct is immediately necessary to avoid imminent harm. *Id.* Appellant did not present any such evidence as to her state of mind. Therefore, such an instruction was properly omitted. We overrule appellant's point ten.

### IV. COMMENT ON THE WEIGHT OF THE EVIDENCE.

■ Appellant questioned Officer Monroe as to whether appellant had been given her warnings about remaining silent, and whether the officer had his card with the required warnings printed on it. The prosecutor objected stating: "I'm confused, your Honor. I though he said he did not give her any warnings." The trial judge then added, "I'm confused." Mr. Curtis objected to the trial court's statement as a comment on the weight of the evidence by suggesting that the defense's case is not as important as the State's case. The trial judge explained her answer to counsel by stating: "Not at all, sir. I'm simply confused by the question." Whereupon, Mr. Curtis rephrased the question and the trial continued.

■ The trial judge explained that her statement was directed at the nature of the question, and her response was not calculated to benefit the State or prejudice appellant. In short, she was asking that the question by appellant's counsel be rephrased and clarified. To constitute reversible error, the comment must be reasonably calculated to benefit the State or to prejudice the rights of the defendant. *Becknell v. State,* 720 S.W.2d 526, 531 (Tex.Crim.App.1986). We overrule appellant's point eleven.

### V. OVERRULING APPELLANT'S SECOND MOTION FOR NEW TRIAL.

In point twelve, appellant contends the trial court abused its discretion in overruling her second motion for new trial on ineffective assistance of counsel. As we have found in this opinion, the trial court had no jurisdic-

tion to hear a second motion for new trial and we cannot consider any evidence adduced at that hearing. We overrule appellant's point twelve and affirm the judgment of the trial court.