Opinion issued August 8, 2002













In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00654-CR

____________


BOBBY RAY WASHINGTON, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 866219






MEMORANDUM OPINION

 This is an appeal from the denial of a motion for reconsideration of
sentence. We dismiss for lack of jurisdiction.

 Appellant was sentenced in this case to 25 years confinement and a
$150,000 fine on September 28, 2001, after a jury convicted him of possession with
intent to deliver at least 400 grams of cocaine. Notice of appeal was due no later than
Monday, October 29, 2001. See Tex. R. App. P. 4.1, 26.2(a)(1). The deadline for
filing a motion for new trial was that same date. Tex. R. App. P. 21.4. A timely
motion for new trial would have extended the deadline for filing notice of appeal for
90 days to December 27, 2001. See Tex. R. App. P. 26.2(a)(2). However, no timely
notice of appeal or motion for new trial was filed in this case.

 On April 2, 2002, appellant filed a pro se motion for reconsideration of
sentence that the trial court denied on April 12. On June 7, 2002, appellant filed a
notice of appeal "from the denial of petitioner's application for reconsideration of
sentence entered in cause No. 866219," and this appeal followed.

 If we construe appellant's motion for reconsideration of sentence as a
motion for new trial, it was untimely, and the trial court was without jurisdiction to
consider it. Drew v. State, 743 S.W.2d 207, 222-23 (Tex. Crim. App. 1987); Hagens
v. State, 979 S.W.2d 788, 791 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). 
Moreover, an untimely motion for new trial does not extend the deadline for filing
notice of appeal. Mendez v. State, 914 S.W.2d 579, 580 (Tex. Crim. App. 1996).

 If we construe the motion as a petition for writ of habeas corpus, this Court
has no jurisdiction to hear a post-conviction application for writ of habeas corpus in
felony cases. See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for
the Eighth District, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).

 Appellate jurisdiction is invoked by the filing of a timely, proper notice of
appeal. White v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001); State v. Riewe,
13 S.W.3d 408, 410 (Tex. Crim. App. 2000). Because the jurisdiction of this Court
was not properly invoked, the appeal is dismissed.

 All pending motions are denied as moot.

 It is so ORDERED.

PER CURIAM

Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.