Dismissed and Opinion filed February 6, 2003














Dismissed and Opinion filed February 6, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00738-CR

____________

 

HOWARD E. KIM, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 228th District Court

Harris
 County,
Texas

Trial
Court Cause No. 836,119

 



 

M
E M O R A N D U M   O P I N I O N

This
is an attempted appeal from a trial court=s order denying appellant=s motion for new trial. 
Because we have no jurisdiction, we dismiss.  








Appellant
was charged with the offense of indecency with a child.  On May 2, 2000, after a plea of guilty, the trial
court assessed punishment at five years= deferred adjudication probation and
a $10,000 fine.  Appellant was also
required to serve 180 days in the Harris County Jail as a condition of his
probation.  On June
 1, 2000,
appellant filed a motion for new trial, which was overruled.  Appellant then sought review in this Court
alleging the trial court erred in refusing to allow him to withdraw his plea of
guilty.  We affirmed the conviction.  See Kim v. State, No. 14-00-00815-CR,
2001 WL 893312 (Tex. App.CHouston [14th Dist.] August 9, 2001, no pet.) (not
designated for publication).  Appellant
did not file a motion for rehearing or a petition for discretionary
review.  Accordingly, on October
 12, 2001,
this Court issued mandate and the conviction became final.  

On April 8, 2002, appellant filed a motion to modify
the conditions of his probation, which was partially granted after a hearing.
On April 18, 2002, appellant also  filed a second motion for new
trial.  This second motion was based on
newly discovered evidence.  See Tex. Code Crim. Proc. Ann. art. 40.001
(Vernon Supp. 2002). 
Despite the motion for new trial having been filed almost two years
after sentencing, the trial court held a hearing and denied the motion on May
 21, 2002.  On June 18, 2002, appellant filed a notice of appeal,
which specifically stated he was appealing the trial court=s denial of the second motion for new
trial.

In a single point of error, appellant complains the trial
court erred in refusing to grant his motion for new trial.  A defendant has the right to file a motion
for new trial.  See Tex. R. App. P. 21; Oldham v. State, 977 S.W.2d 354, 361 (Tex. Crim.
App. 1998).  That right emanates exclusively from the
rules of appellate procedure and a party must strictly comply with the rules
when seeking such relief.  Oldham, 977 S.W.2d at 361.  Rule 21.4(a) of the Texas Rules of Appellate
Procedure states that a motion for new trial must be filed no later than thirty
days after the trial court imposes or suspends sentence in open court.  Tex. R. App. P. 21.4(a).  








In this case, the trial court imposed sentence on May
 2, 2000, but
the second motion for new trial was not filed until May 18, 2002 C almost two years after
sentencing.  Thus, the second motion for
new trial was untimely and the trial court had no jurisdiction to entertain
it.  See Beathard v. State, 767
S.W.2d 423, 433 (Tex. Crim. App. 1989); Hagens v. State, 979 S.W.2d 788, 791 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  When the court lacks jurisdiction, any action
it takes on a matter is void and should be regarded as if it never
happened.  Hagens, 979 S.W.2d at 791.  

Accordingly, we dismiss the appeal for want of jurisdiction.[1]  

 

 

 

PER CURIAM

 

 

 

Judgment rendered and Opinion filed February 6, 2003.

Panel consists of Justices Yates, Hudson,
and Frost. 

Do Not Publish C
Tex. R. App. P. 47.2(b).

 











[1]              As
the State points out, appellant is not without a remedy.  When newly discovered evidence comes to light
after the time for filing a motion for new trial has expired, the issue may be
raised in a writ of habeas corpus.  Ex parte Elizondo, 974 S.W.2d 202 (Tex. Crim. App. 1996); Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).