NO









NO. 12-09-00405-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

IN RE: HENRY J. PETTIGREW,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     

 





MEMORANDUM
OPINION

Relator,
Henry J. Pettigrew, was convicted of murder and sentenced to ninety‑nine
years of imprisonment.  The judgment was signed on November 8, 1990, and
affirmed by this court on March 31, 1994.  See Pettigrew v. State,
No. 12–90–00338–CR (Tex. App.—Tyler Mar. 31, 1994, pet. ref’d) (not designated
for publication).  The mandate was issued on November 23, 1994.  On
July 30, 2009, Relator filed his (1) Motion For Correction Of A[n]
Incomplete and Inaccurate Reporter’s Record To Include A Complete Transcription
Of All Testimony Of Witnesses At Pre–Trial Hearing; (2) Motion Requesting For
Setting Of Hearing Date And Order; (3) Request For A Bench Warrant; and (4)
Motion for New Trial.  These motions pertain to Relator’s appeal from his 1990
conviction.  On September 9, 2009, the trial court signed a written order
denying each of the motions.  

Discussion

In
this original mandamus proceeding, Relator appears pro se and challenges the
trial court’s September 9, 2009 orders.  However, mandamus relief is authorized
only if the relator establishes that (1) he has no other adequate legal remedy
and (2) under the facts and the law, the act sought to be compelled is purely
ministerial.  State ex rel. Hill v. Fifth Court of Appeals, 34
S.W.3d 924, 927 (Tex. Crim. App. 2001).   

Reporter’s
Record.  

Relator
asserts that the reporter’s record filed in the appeal of his 1990 conviction
did not include the testimony of three witnesses who testified at a pretrial
hearing.  In an attempt to remedy the omission, Relator filed a motion on
July 30, 2009 requesting the trial court to order the correction of the
“incomplete and inaccurate” reporter’s record.  He also filed a motion
requesting a hearing.  The trial court denied Relator’s motions.  In this
proceeding, Relator claims that the trial court abused its discretion by
denying the motions.

When,
as here, a conviction has been affirmed on appeal and the mandate has issued,
general jurisdiction is not restored in the trial court.  State v.
Patrick, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002).  The trial court
has special or limited jurisdiction to ensure that a higher court’s mandate is
carried out and to perform other functions specified by statute, such as
finding facts in a habeas corpus setting or determining entitlement to DNA
testing.  Id.  No such action was involved here.  Therefore, the
trial court was without jurisdiction to consider Relator’s motions.  See id. 
Consequently, the court had no ministerial duty to grant Relator’s motions. 
Relator contends to the contrary, arguing that according to Texas Rule of
Appellate Procedure 34.6, the trial court had a ministerial duty to grant the
relief he requested.  See Tex. R.
App. P. 34.6(e)(2) (requiring the trial court to settle a dispute
concerning inaccuracies in the reporter’s record when parties cannot agree on
whether or how to correct).  We disagree.

The
reporter’s record is part of the appellate record.  See Tex. R. App. P. 34.1 (appellate record
consists of clerk’s record and, if necessary to appeal, the reporter’s
record).  In criminal cases, the appellate record must be filed in the appellate
court within sixty days after the date sentence is imposed or suspended in open
court or within one hundred twenty days of such date if a timely motion for new
trial is filed.  Tex. R. App. P. 35.2(a),
(b). The reporter’s record may be supplemented after it is filed if anything
relevant is omitted from it, and may be corrected either before or after it is
filed in the appellate court.  Tex. R.
App. P. 34.6(d), (e).  Moreover, the appellate court must allow the
record to be filed late when the delay is not the appellant’s fault, and may do
so when the delay is the appellant’s fault.  Tex.
R. App. P. 35.3(c).   But the supplemental record must be filed within
the appellate court’s plenary power.  See Banda v. State, Nos.
05-06-00370-CR, 05‑06‑00371‑CR, 05-06-00372-CR,
05-06-00373-CR, 05-06-00374-CR, 2007 WL 2004920, at *2 (Tex. App.–Dallas 2007,
pet. ref’d) (mem. op., not designated for publication); see also Tex. R. App. P. 19.1 (appellate court
retains jurisdiction over its judgments for sixty days after judgment if no
timely motion to extend time or for rehearing is pending and for thirty days
after it overrules all such timely motions).  

Here,
approximately fifteen years after this court affirmed the trial court’s
November 8, 1990 judgment of conviction, Relator sought to supplement the
reporter’s record in the appeal.  But we no longer have plenary power over our
March 31, 1994 judgment in the appeal.  See Tex. R. App. P. 19.1.  Because we no longer have plenary
power over our judgment in the appeal, the appellate record can no longer be
supplemented.  See Banda, 2007 WL 2004920, at *2.[1] 
Therefore, even if the trial court had jurisdiction to consider Relator’s
motions, it did not have a ministerial duty to grant them.  

Motion for
New Trial.  

Relator
next contends that the trial court abused its discretion by denying his motion
for new trial, failing to hold an evidentiary hearing on the motion, and
denying his motion for a bench warrant to allow him to be present at the
requested evidentiary hearing.

A
defendant in a criminal case may file a motion for new trial before, but no
later than thirty days after, the date the trial court imposes or suspends
sentence in open court.  Tex. R. App. P.
21.4(a).  The trial court does not have jurisdiction to entertain an
untimely motion for new trial.  See Drew v. State, 743
S.W.2d 207, 223 (Tex. Crim. App. 1987).  In the instant case, Relator filed his
motion for new trial almost nineteen years after the trial court imposed his
sentence.  Therefore, his motion for new trial was untimely, and the trial
court had no jurisdiction to consider it.  See Drew, 743 S.W.2d
at 223; Tex. R. App. P. 21.4(a). 
As such, the trial court had no ministerial duty to grant Relator’s motion for
new trial or to hold a hearing on the motion.[2] 
See Drew, 743 S.W.2d at 223; see also Patrick, 86
S.W.3d at 594.  Similarly, the trial court had no jurisdiction, and therefore
no ministerial duty, to grant Relator’s motion for bench warrant.  See Patrick,
86 S.W.3d at 594.

 

 

 

Conclusion

Relator
has not shown that the trial court had a ministerial duty to grant his (1)
Motion For Correction Of A[n] Incomplete and Inaccurate Reporter’s Record To
Include A Complete Transcription Of All Testimony Of Witnesses At Pre–Trial
Hearing; (2) Motion Requesting For Setting Of Hearing Date And Order; (3)
Request For A Bench Warrant; and (4) Motion for New Trial.  Thus, he cannot
establish that he is entitled to mandamus relief.  Accordingly, Relator’s
petition for writ of mandamus is denied.  

 

                                                                                                 
BRIAN HOYLE    

                                                                                                            Justice

 

 

Opinion delivered December 16, 2009.

Panel consisted of
Worthen, C.J.,  and Hoyle, J.

Griffith, J., not
participating.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 









[1] 
As an aside, we note that the trial court may resolve disputes about the
accuracy of a reporter’s record that has been filed in the appellate court only
if the appellate court submits the dispute to the trial court for resolution.  See
Tex. R. App. P. 34.6(e)(3).  

 





[2] 
We recognize that when the court lacks jurisdiction, any action it takes on a
matter is void and should be regarded as if it never happened.  See Hagens v. State, 979 S.W.2d 788, 791 (Tex. App.-Houston [14th
Dist.] 1998, no pet.).