

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00153-CR

_____


STEPHANIE KAY BELLS, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 22485



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

In a single proceeding, Stephanie Kay Bells pled true to a motion to revoke community supervision; guilty to possession with intent to deliver cocaine, one gram or more but less than four grams (TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon 2010)); and guilty to possession of marihuana, five pounds or less but more than four ounces (TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (Vernon 2010)).[1] This instant appeal addresses the trial court's judgment on the motion to revoke community supervision; the trial court revoked Bells' supervision and sentenced her to twenty months' incarceration in a state jail facility. We affirm the trial court's judgment.

Bells presents this Court with one brief addressing her three sentences. The brief alleges her trial counsel rendered ineffective assistance of counsel. Bells complains her trial counsel, in his questioning of a State's witness, opened the door to testimony about drug trafficking for which Bells had never been arrested or charged. The State did not broach this subject with its witness Leigh Foreman, a Paris Police Department investigator. Only under questioning from Bells' trial attorney did Foreman describe an investigation resulting in indictments against thirty-three other individuals. In that investigation, Foreman learned that on about five occasions, Bells had driven from Dallas to Paris carrying a total of about five pounds of cocaine. Foreman said that investigation was focused on the parties who actually sold the drugs, and as a result, Bells was not

---

[1]Respectively, these cases were trial court cause numbers 22485, 23758, and 23639. The appeal of trial court cause number 22485 bears this Court's cause number of 06-10-00153-CR, the instant case. Trial court cause number 23758 bears this Court's cause number 06-10-00154,CR; and trial court cause number 23639 bears this Court's cause number 06-10-00155-CR.

2

arrested or charged.

**Standard of Review, Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are evaluated under the two-part test formulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), requiring a showing of both deficient performance and prejudice. *Id.* at 689; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd). Ineffective assistance of counsel claims cannot "be built on retrospective speculation," but must be firmly rooted in the record, with the record itself affirmatively demonstrating the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). First, Bells must show that her counsel's representation fell below an objective standard of reasonableness. *Fox*, 175 S.W.3d at 485 (citing *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002).

Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as

to overcome the presumption that counsel's conduct was reasonable and professional. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Fuller v. State*, 224 S.W.3d 823, 828–29 (Tex. App.—Texarkana 2007, no pet.). In addressing this reality, the Texas Court of Criminal Appeals has explained that appellate courts can rarely decide the issue of ineffective assistance of counsel because the record almost never speaks to the strategic reasons that trial counsel may have considered. The proper procedure for raising this claim is therefore almost always by application for writ of habeas corpus. *Freeman v. State*, 125 S.W.3d 505, 511 (Tex. Crim. App. 2003); *Aldrich v. State*, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003). A record may also be developed at a hearing on a motion for new trial. *Batiste v. State*, 217 S.W.3d 74, 83 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Only when "counsel's ineffectiveness is so apparent from the record" will an appellant prevail on direct appeal absent a hearing on a motion for new trial asserting an ineffective assistance of counsel claim. *Freeman*, 125 S.W.3d at 506–07.

The second *Strickland* prong requires a showing that the deficient performance prejudiced the defense to the degree that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 689; *Tong*, 25 S.W.3d at 712. Failure to satisfy either part of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006). It is not necessary to conduct the *Strickland* analysis in any particular order; if an appellant cannot demonstrate sufficient prejudice, a court may dispose of the claim on that ground. *Strickland*, 466 U.S. 697; *Hagens v. State*, 979 S.W.2d 788, 793–94

4

(Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *Gamboa v. State*, 822 S.W.2d 328, 330 (Tex. App.—Beaumont 1992, pet. ref'd).

**Bells Fails the *Strickland* Test**

In the instant case, there is no post-trial record of trial counsel's reasons for engaging in the questioning described above. Some idea of the trial strategy is gleaned from counsel's closing argument: the attorney's first statement in closing argument was that Bells had not "hid from her past background or past history." Bells' own testimony emphasized how she was trying to better herself with college classes; she also explained that while she had a history of criminal convictions,[2] she was a different person now who would seek help from her family. This is some indication of a reasonable trial strategy for a punishment hearing addressing three felony convictions. Without some record illuminating counsel's strategic reasons for his questioning of witnesses, we find nothing in the record to overcome the presumption of reasonable professional assistance by the trial attorney.

Notwithstanding the lack of any evidence of deficient performance, Bells has failed to show the outcome of the proceedings would likely have been different. The instant cause number reflects a judgment by the trial court revoking Bells' community supervision for the state jail offense of fraudulent use or possession of identifying information. *See* TEX. PENAL CODE ANN.

---

[2]At the beginning of the hearing, evidence of six prior convictions—one felony and five misdemeanors—was introduced without objection from Bells. In at least two of those cases, she was initially placed on some form of community supervision, her supervision was eventually revoked.

§ 32.51 (Vernon Supp. 2010). When Bells pled guilty to that charge and was placed on community supervision, she was sentenced to two years in a state jail facility and the sentence was suspended for five years. Upon revoking her supervision, the trial court could have sentenced Bells to two years' confinement; instead, he sentenced her to twenty months. We cannot see how Bells could claim to have been prejudiced by counsel's representation where she received a lower sentence than bargained for a year earlier.

Bells is further hampered in that her appellate brief claims evidence of harm suffered from counsel's alleged deficient performance lies in her sentence of five years for the two companion cases. As mentioned above, as well as pleading true to the motion to revoke community supervision in the instant cause, Bells pled guilty to second degree possession with intent to deliver cocaine in a drug-free zone, and third degree possession of marihuana in a drug-free zone.[3] She was sentenced to five years' incarceration on each of those cases, and the trial court directed all three sentences to run concurrently. Bells' appellate argument is that if not for trial counsel's causing the introduction of testimony about her earlier uncharged trafficking activities, she might have been sentenced to two years' confinement. Such arguments are not relevant to the instant case, where her maximum sentence was two years, and yet, she received a lesser sentence.

---

[3]Each of those cases has particular circumstances relevant to the charges addressed in our respective cases, cause numbers 06-10-00154-CR and 06-10-00155-CR. We invite the reader to see our opinions in those cases issued on even date herewith.

We find Bells has failed to meet the requirements of *Strickland*. We overrule her point of error and affirm the trial court's judgment and sentence.

Jack Carter
Justice

Date Submitted:     February 8, 2011
Date Decided:       February 23, 2011

Do Not Publish