In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00153-CR

                                                ______________________________

 

 

                                  STEPHANIE KAY BELLS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 22485

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            In a single
proceeding, Stephanie Kay Bells pled true to a motion to revoke community supervision;
guilty to possession with intent to deliver cocaine, one gram or more but less
than four grams (Tex. Health &
Safety Code Ann. §
481.112(c) (Vernon 2010)); and guilty to possession of marihuana, five pounds
or less but more than four ounces (Tex.
Health & Safety Code Ann. §
481.121(b)(3) (Vernon 2010)).[1]  This instant appeal addresses the trial court’s
judgment on the motion to revoke community supervision; the trial court revoked
Bells’ supervision and sentenced her to twenty months’ incarceration in a state
jail facility.  We affirm the trial court’s
judgment. 

            Bells
presents this Court with one brief addressing her three sentences.  The brief alleges her trial counsel rendered
ineffective assistance of counsel.  Bells
complains her trial counsel, in his questioning of a State’s witness, opened
the door to testimony about drug trafficking for which Bells had never been
arrested or charged.  The State did not
broach this subject with its witness Leigh Foreman, a Paris Police Department
investigator.  Only under questioning
from Bells’ trial attorney did Foreman describe an investigation resulting in
indictments against thirty-three other individuals.  In that investigation, Foreman learned that
on about five occasions, Bells had driven from Dallas to Paris carrying a total
of about five pounds of cocaine.  Foreman
said that investigation was focused on the parties who actually sold the drugs,
and as a result, Bells was not arrested or charged.  

Standard of
Review, Ineffective Assistance of Counsel

 

            Ineffective
assistance of counsel claims are evaluated under the two-part test formulated
by the United States Supreme Court in Strickland
v. Washington, 466 U.S. 668 (1984), requiring a showing of both deficient
performance and prejudice.  Id. at 689; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Fox v. State, 175 S.W.3d 475, 485 (Tex.
App.—Texarkana 2005, pet. ref’d).  Ineffective
assistance of counsel claims cannot “be built on retrospective speculation,”
but must be firmly rooted in the record, with the record itself affirmatively
demonstrating the alleged ineffectiveness.  Bone v.
State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).  First, Bells must show that her counsel’s
representation fell below an objective standard of reasonableness.  Fox,
175 S.W.3d at 485 (citing Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000)).  We indulge a strong presumption that counsel’s
conduct falls within the wide range of reasonable, professional assistance and
was motivated by sound trial strategy.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  “If counsel’s reasons for his conduct do not
appear in the record and there is at least the possibility that the conduct
could have been legitimate trial strategy, we will defer to counsel’s decisions
and deny relief on an ineffective assistance claim on direct appeal.”  Ortiz v.
State, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002).          

            Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel’s representation was so deficient and so lacking in tactical or
strategic decision making as to overcome the presumption that counsel’s conduct
was reasonable and professional.  Mallett v. State, 65 S.W.3d 59, 63 (Tex.
Crim. App. 2001); Fuller v. State,
224 S.W.3d 823, 828–29 (Tex. App.—Texarkana 2007, no pet.).  In addressing this reality, the Texas Court of
Criminal Appeals has explained that appellate courts can rarely decide the
issue of ineffective assistance of counsel because the record almost never
speaks to the strategic reasons that trial counsel may have considered.  The proper procedure for raising this claim is
therefore almost always by application for writ of habeas corpus.  Freeman
v. State, 125 S.W.3d 505, 511 (Tex. Crim. App. 2003); Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003).  A record may also be developed at a hearing
on a motion for new trial.  Batiste v. State, 217 S.W.3d 74, 83
(Tex. App.—Houston [1st Dist.] 2006, no pet.). 
Only when “counsel’s ineffectiveness is so apparent from the record”
will an appellant prevail on direct appeal absent a hearing on a motion for new
trial asserting an ineffective assistance of counsel claim.  Freeman,
125 S.W.3d at 506–07. 

            The second Strickland prong requires a showing that
the deficient performance prejudiced the defense to the degree that there is a
reasonable probability that, but for the attorney’s deficiency, the result of
the trial would have been different.  Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712.  Failure to satisfy either part of the Strickland test is fatal.  Ex parte
Martinez, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006).  It is not necessary to conduct the Strickland analysis in any particular
order; if an appellant cannot demonstrate sufficient prejudice, a court may
dispose of the claim on that ground.  Strickland, 466 U.S. 697; Hagens v. State, 979 S.W.2d 788, 793–94
(Tex. App.—Houston [14th Dist.] 1998, pet. ref’d); Gamboa v. State, 822 S.W.2d 328, 330 (Tex. App.—Beaumont 1992, pet.
ref’d).

 

Bells Fails the Strickland Test

 

            In the
instant case, there is no post-trial record of trial counsel’s reasons for
engaging in the questioning described above.  Some idea of the trial strategy is gleaned
from counsel’s closing argument:  the
attorney’s first statement in closing argument was that Bells had not “hid from
her past background or past history.” 
Bells’ own testimony emphasized how she was trying to better herself
with college classes; she also explained that while she had a history of
criminal convictions,[2]
she was a different person now who would seek help from her family.  This is some indication of a reasonable trial
strategy for a punishment hearing addressing three felony convictions.  Without some record illuminating counsel’s
strategic reasons for his questioning of witnesses, we find nothing in the
record to overcome the presumption of reasonable professional assistance by the
trial attorney. 

            Notwithstanding
the lack of any evidence of deficient performance, Bells has failed to show the
outcome of the proceedings would likely have been different.  The instant cause number reflects a judgment
by the trial court revoking Bells’ community supervision for the state jail
offense of fraudulent use or possession of identifying information.  See
Tex. Penal Code Ann. § 32.51
(Vernon Supp. 2010).   When Bells pled
guilty to that charge and was placed on community supervision, she was
sentenced to two years in a state jail facility and the sentence was suspended
for five years.  Upon revoking her supervision,
the trial court could have sentenced Bells to two years’ confinement; instead,
he sentenced her to twenty months.  We
cannot see how Bells could claim to have been prejudiced by counsel’s
representation where she received a lower sentence than bargained for a year
earlier.  

            Bells is
further hampered in that her appellate brief claims evidence of harm suffered
from counsel’s alleged deficient performance lies in her sentence of five years
for the two companion cases.  As
mentioned above, as well as pleading true to the motion to revoke community
supervision in the instant cause, Bells pled guilty to second degree possession
with intent to deliver cocaine in a drug-free zone, and third degree possession
of marihuana in a drug-free zone.[3]  She was sentenced to five years’
incarceration on each of those cases, and the trial court directed all three
sentences to run concurrently.  Bells’
appellate argument is that if not for trial counsel’s causing the introduction
of testimony about her earlier uncharged trafficking activities, she might have
been sentenced to two years’ confinement. 
Such arguments are not relevant to the instant case, where her maximum
sentence was two years, and yet, she received a lesser sentence.   

            

 

 

 

 

            We find
Bells has failed to meet the requirements of Strickland.  We overrule her
point of error and affirm the trial court’s judgment and sentence.

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          February 8, 2011

Date
Decided:             February 23, 2011

 

Do
Not Publish

 

 

 

 

 

 

 

 











[1]Respectively,
these cases were trial court cause numbers 22485, 23758, and 23639.  The appeal of trial court cause number 22485
bears this Court’s cause number of 06-10-00153-CR, the instant case.  Trial court cause number 23758 bears this
Court’s cause number 06-10-00154,CR; and trial court cause number 23639 bears
this Court’s cause number 06-10-00155-CR. 






[2]At
the beginning of the hearing, evidence of six prior convictions—one felony and
five misdemeanors—was introduced without objection from Bells.   In at least two of those cases, she was
initially placed on some form of community supervision, her supervision was
eventually revoked.  





[3]Each
of those cases has particular circumstances relevant to the charges addressed
in our respective cases, cause numbers 06-10-00154-CR and 06-10-00155-CR.  We invite the reader to see our opinions in
those cases issued on even date herewith.