In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00154-CR

                                                ______________________________

 

 

                                  STEPHANIE KAY BELLS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 23758

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Stephanie
Kay Bells pled guilty to possession of, with intent to deliver, cocaine, in an amount
of one to four grams.[1]  During the punishment phase of trial, Bells’
trial counsel questioned a police investigator opening the door to evidence of
Bells’ alleged prior drug trafficking, for which Bells had never been arrested
or charged.   Bells appeals[2]
her resulting sentence of five years’ confinement, asserting only that her
trial counsel rendered ineffective assistance in allowing admission of that
inadmissible evidence.  Because Bells has
failed to satisfy the requirements of Strickland
v. Washington,[3] we affirm the
trial court’s judgment.

            Bells’
complaint is based on her counsel’s questioning of a State’s witness, Leigh
Foreman, an investigator for the Paris Police Department.  Bells claims her attorney opened the door to
testimony about drug trafficking for which Bells had never been arrested or
charged.  The State did not broach this
subject with Foreman.  Only under
questioning from Bells’ trial attorney did Foreman describe an investigation
resulting in indictments against thirty-three other individuals.  In that investigation, Foreman learned that, on
approximately five occasions, Bells had driven from Dallas to Paris carrying a
total of about five pounds of cocaine. 
Foreman said that the investigation was focused on the parties who
actually sold the drugs, so Bells was not arrested or charged.  Bells’ appellate argument is that, if not for
trial counsel’s causing the introduction of testimony about her earlier
uncharged trafficking activities, she might have been sentenced to two years’
confinement instead of five.

            Ineffective
assistance of counsel claims are evaluated under the two-part test formulated
by the United States Supreme Court in Strickland,
requiring a showing of both deficient performance and prejudice.  Strickland,
466 U.S. at 689; Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999); Fox
v. State, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref’d).  Ineffective assistance of counsel claims
cannot “be built on retrospective speculation,” but must be firmly rooted in
the record, with the record itself affirmatively demonstrating the alleged
ineffectiveness.  Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).  First, Bells must show that her counsel’s
representation fell below an objective standard of reasonableness.  Fox,
175 S.W.3d at 485 (citing Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000)).  We indulge a strong presumption that counsel’s
conduct falls within the wide range of reasonable, professional assistance and
was motivated by sound trial strategy.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  “If counsel’s reasons for his conduct do not
appear in the record and there is at least the possibility that the conduct
could have been legitimate trial strategy, we will defer to counsel’s decisions
and deny relief on an ineffective assistance claim on direct appeal.”  Ortiz v.
State, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002).

            Under
normal circumstances, the record on direct appeal will not be sufficient to
show that counsel’s representation was so deficient and so lacking in tactical
or strategic decision making as to overcome the presumption that counsel’s
conduct was reasonable and professional.  Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Fuller v. State, 224 S.W.3d 823, 828–29 (Tex. App.—Texarkana 2007,
no pet.).  In addressing this reality,
the Texas Court of Criminal Appeals has explained that appellate courts can
rarely decide the issue of ineffective assistance of counsel because the record
almost never speaks to the strategic reasons that trial counsel may have
considered.  The proper procedure for
raising this claim is, therefore, normally by application for writ of habeas
corpus.  Freeman v. State, 125 S.W.3d 505, 511 (Tex. Crim. App. 2003); Aldrich v. State, 104 S.W.3d 890, 896
(Tex. Crim. App. 2003).  A record may
also be developed at a hearing on a motion for new trial.  Batiste
v. State, 217 S.W.3d 74, 83 (Tex. App.—Houston [1st Dist.] 2006, no
pet.).  Only when “counsel’s
ineffectiveness is so apparent from the record” will an appellant prevail on
direct appeal absent a hearing on a motion for new trial asserting an
ineffective assistance of counsel claim.  Freeman,
125 S.W.3d at 506–07.

            The
second Strickland prong requires a
showing that the deficient performance prejudiced the defense to the degree
that there is a reasonable probability that, but for the attorney’s deficiency,
the result of the trial would have been different.  Strickland,
466 U.S. at 689; Tong, 25 S.W.3d at
712.  Failure to satisfy either part of
the Strickland test is fatal.  Ex parte
Martinez, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006).  It is not necessary to conduct the Strickland analysis in any particular
order; if an appellant cannot demonstrate sufficient prejudice, a court may
dispose of the claim on that ground.  Strickland, 466 U.S. at 697; Hagens v. State, 979 S.W.2d 788, 793–94
(Tex. App.—Houston [14th Dist.] 1998, pet. ref’d); Gamboa v. State, 822 S.W.2d 328, 330 (Tex. App.—Beaumont 1992, pet.
ref’d).

            There is no
post-trial record of trial counsel’s reasons for engaging in the questioning
described above.  Some idea of the trial
strategy is gleaned from counsel’s closing argument:  the attorney’s first statement in closing
argument was that Bells had not “hid from her past background or past history.”  Bells’ own testimony emphasized how she was
trying to better herself with college classes; she also explained that, while
she had a history of criminal convictions,[4] she
was a different person now who would seek help from her family.  This is some indication of a reasonable trial
strategy for a punishment hearing addressing three felony convictions.  Without some record illuminating counsel’s
strategic reasons for his questioning of witnesses, we find nothing in the
record to warrant a finding Bells’ trial counsel rendered deficient
performance.

            Even if
there was evidence to support a finding of deficient performance by counsel,
Bells would be hard-pressed to demonstrate prejudice.  The State’s indictment alleged Bells’ crime
was committed in a drug-free zone; Foreman testified Bells’ house, where the
drugs were found, was within 1,000 feet of a park with a playground.  See
Tex. Health & Safety Code Ann. § 481.134.  Where possession with intent to deliver cocaine
is committed in a drug-free zone, the minimum punishment is increased by five
years.  Tex. Health & Safety Code Ann. § 481.134(c). 
At the conclusion of evidence and argument, the trial court sentenced
Bells to five years’ confinement for the two possession cases and twenty months’
confinement for the community supervision revocation.  Following a recess, the State’s attorney
advised the trial court she had been made aware of the five-year enhancement
for the cocaine case.  After some
discussion, the State agreed to abandon the drug-free-zone allegations in the
instant case and retain the allegation for the possession of marihuana charge
(cause number 06-10-00155-CR); and the trial court states the judgments will
reflect as much.[5]  The judgments reflect this agreement:  the judgment for the instant case states
Bells was convicted of possession with intent to deliver cocaine, more than one
gram but less than four grams, and part of the plea bargain is represented as
the State having abandoned the allegation of a drug-free zone.  Trial court cause number 23639 (our cause
number 06-10-00155-CR) states Bells was convicted for the offense of possession
of marihuana, more than four ounces but less than five pounds, in a drug-free
zone.  

            Bells argues
she might have been sentenced to two years’ confinement rather than five years
if not for counsel’s opening the door to Foreman’s testimony about her previous
uncharged drug trafficking activities. 
She bases this argument on her testimony that she was taking college
classes, the academic success of her school-age children, and that she had
regularly reported and made payments for her community supervision.  However, based on the record before us, we
cannot say that Bells has demonstrated a reasonable probability the result of
the proceeding would have been different but for the alleged error of her trial
counsel.[6]  Bells had six previous convictions, of which
one was a felony, dating from 1995.  It appears
from the record that, on at least three of those prior offenses, including the
felony, she had been placed on community supervision and subsequently had been revoked
or at least found to have violated the community supervision’s terms and
conditions.  She was in possession of a
not inconsequential amount of drugs,[7]
and the circumstances, including her own admission, established she was a drug
dealer.[8]  The record suggests she sold drugs from her
home, with six children present, one as young as three years.[9]  She admitted to using both cocaine and
marihuana while on community supervision, and her community supervision officer
testified that, while she reported regularly, she was almost $600.00 behind in
her payments.  

            Further,
while it may not have helped Bells’ case to have Foreman detail her involvement
in the previous trafficking scheme, it was clearly Bells’ strategy to
acknowledge her prior wrongdoings and claim she was a changed person who had
learned from her prior misdeeds.  Judgments
of her prior convictions were admitted without objection before any testimony.  Her testimony to the trial court emphasized
the lessons she had learned and tried to explain why she was a different person
who could successfully meet the terms of community supervision, despite
evidence she had violated supervision terms before.  And defense counsel’s first statement in
closing argument was that Bells had not “hid from her past background or past
history.”  The State asked the trial
court to sentence Bells to ten years’ incarceration on the second degree charge
of possession with intent to deliver cocaine and five years for the possession
of marihuana charge.  We also find it
significant that, when presented with the fact that an affirmative finding on
the drug-free-zone allegations would raise the minimum sentence for the
enhanced possession charges to seven years, the trial court stated it preferred
to sentence Bells to not more than five years. 
Bells was sentenced to five years’ confinement for a second degree felony,
possession with intent to deliver cocaine in an amount of one gram or more but
less than four grams.  Tex. Health & Safety Code Ann. § 481.112(c).  Although perhaps the result of initial oversight
by the State, she avoided a minimum sentence for that offense of seven years.  See
Tex. Health & Safety Code Ann. § 481.134(c).  Bells ended up with a sentence of two years
less than what could have easily been the minimum range of punishment for the
offense she was charged with and to which she pled guilty.[10]

 

 

 

            We find
Bells has failed to meet the Strickland
standards for a claim of ineffective assistance of counsel.  We affirm the trial court’s judgment and
sentence in the instant cause.

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          February 8, 2011

Date
Decided:             February 23, 2011

 

Do
Not Publish

 

 

 











[1]See
Tex. Health & Safety Code Ann.
§ 481.112(c) (Vernon 2010).  The
indictment alleged this crime was committed in a drug-free zone, but the State
eventually abandoned that allegation in this case.  See
Tex. Health & Safety Code Ann. § 481.134 (Vernon 2010).

 





[2]There
are two companion appeals also decided this day.  In a single proceeding, Bells had pled true
to a motion to revoke community supervision, addressed in our opinion in cause
number 06-10-00153-CR; guilty to an indictment alleging possession of five
pounds or less but more than four ounces of marihuana in a drug-free zone, our
cause number 06-10-00155-CR; and guilty in the instant case.  In a single brief addressing all three cases,
she claims she received ineffective assistance of counsel at the sentencing
hearing.  

 





[3]466
U.S. 668 (1984). 





[4]At
the beginning of the hearing, evidence of six prior convictions—one felony and
five misdemeanors—was introduced without objection from Bells.  In at least three of those cases, she was
initially placed on some form of community supervision, which was eventually
revoked.  





[5]Had
the State abandoned the drug-free-zone allegation on the possession of
marihuana charge, or had the trial court not made an affirmative finding, that
crime would have been a state jail felony, not a third degree felony.  Tex.
Health & Safety Code Ann. §
481.121(b)(3) (Vernon 2010); § 481.134(d). 






[6]See Smith
v. State, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (citing Strickland, 466 U.S. at 687, 694).

 





[7]Approximately
5.6 ounces of marihuana and 2.78 grams of cocaine.  

 





[8]In
addition to pleading guilty, when asked about the digital scales designed to
look like a cell phone, Bells said she used the scales to measure drugs. 

 





[9]Bells’
children were aged three, seven, eleven, fourteen, seventeen, and eighteen. 





[10]Bells
argues that the written plea admonishments for the instant charge stated she
faced a range of punishment of not less than two, not more than twenty years’
imprisonment.  But in light of the
statements made by all parties, including the trial court, it is clear no one
had considered or was aware of the five-year enhancement until after a recess
had been taken.  When this enhancement
was discovered, the trial court stated clearly its preference to sentence Bells
to five years.  Based on the totality of
circumstances, we do not believe the terms of the written plea admonishment
outweigh other circumstances present.