

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00154-CR

_____

STEPHANIE KAY BELLS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 23758

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Stephanie Kay Bells pled guilty to possession of, with intent to deliver, cocaine, in an amount of one to four grams.[1]  During the punishment phase of trial, Bells' trial counsel questioned a police investigator opening the door to evidence of Bells' alleged prior drug trafficking, for which Bells had never been arrested or charged.   Bells appeals[2] her resulting sentence of five years' confinement, asserting only that her trial counsel rendered ineffective assistance in allowing admission of that inadmissible evidence.   Because Bells has failed to satisfy the requirements of *Strickland v. Washington*,[3] we affirm the trial court's judgment.

Bells' complaint is based on her counsel's questioning of a State's witness, Leigh Foreman, an investigator for the Paris Police Department.   Bells claims her attorney opened the door to testimony about drug trafficking for which Bells had never been arrested or charged.   The State did not broach this subject with Foreman.   Only under questioning from Bells' trial attorney did Foreman describe an investigation resulting in indictments against thirty-three other individuals.   In that investigation, Foreman learned that, on approximately five occasions, Bells

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon 2010).   The indictment alleged this crime was committed in a drug-free zone, but the State eventually abandoned that allegation in this case.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134 (Vernon 2010).

[2]There are two companion appeals also decided this day.   In a single proceeding, Bells had pled true to a motion to revoke community supervision, addressed in our opinion in cause number 06-10-00153-CR; guilty to an indictment alleging possession of five pounds or less but more than four ounces of marihuana in a drug-free zone, our cause number 06-10-00155-CR; and guilty in the instant case.   In a single brief addressing all three cases, she claims she received ineffective assistance of counsel at the sentencing hearing.

[3]466 U.S. 668 (1984).

had driven from Dallas to Paris carrying a total of about five pounds of cocaine. Foreman said that the investigation was focused on the parties who actually sold the drugs, so Bells was not arrested or charged. Bells' appellate argument is that, if not for trial counsel's causing the introduction of testimony about her earlier uncharged trafficking activities, she might have been sentenced to two years' confinement instead of five.

Ineffective assistance of counsel claims are evaluated under the two-part test formulated by the United States Supreme Court in *Strickland*, requiring a showing of both deficient performance and prejudice. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd). Ineffective assistance of counsel claims cannot "be built on retrospective speculation," but must be firmly rooted in the record, with the record itself affirmatively demonstrating the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). First, Bells must show that her counsel's representation fell below an objective standard of reasonableness. *Fox*, 175 S.W.3d at 485 (citing *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on

direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002).

Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Fuller v. State*, 224 S.W.3d 823, 828–29 (Tex. App.—Texarkana 2007, no pet.). In addressing this reality, the Texas Court of Criminal Appeals has explained that appellate courts can rarely decide the issue of ineffective assistance of counsel because the record almost never speaks to the strategic reasons that trial counsel may have considered. The proper procedure for raising this claim is, therefore, normally by application for writ of habeas corpus. *Freeman v. State*, 125 S.W.3d 505, 511 (Tex. Crim. App. 2003); *Aldrich v. State*, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003). A record may also be developed at a hearing on a motion for new trial. *Batiste v. State*, 217 S.W.3d 74, 83 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Only when "counsel's ineffectiveness is so apparent from the record" will an appellant prevail on direct appeal absent a hearing on a motion for new trial asserting an ineffective assistance of counsel claim. *Freeman*, 125 S.W.3d at 506–07.

The second *Strickland* prong requires a showing that the deficient performance prejudiced the defense to the degree that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 689; *Tong*, 25 S.W.3d at 712. Failure to satisfy either part of the *Strickland* test is fatal. *Ex parte Martinez*, 195

S.W.3d 713, 730 (Tex. Crim. App. 2006). It is not necessary to conduct the *Strickland* analysis in any particular order; if an appellant cannot demonstrate sufficient prejudice, a court may dispose of the claim on that ground. *Strickland*, 466 U.S. at 697; *Hagens v. State*, 979 S.W.2d 788, 793–94 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *Gamboa v. State*, 822 S.W.2d 328, 330 (Tex. App.—Beaumont 1992, pet. ref'd).

There is no post-trial record of trial counsel's reasons for engaging in the questioning described above. Some idea of the trial strategy is gleaned from counsel's closing argument: the attorney's first statement in closing argument was that Bells had not "hid from her past background or past history." Bells' own testimony emphasized how she was trying to better herself with college classes; she also explained that, while she had a history of criminal convictions,[4] she was a different person now who would seek help from her family. This is some indication of a reasonable trial strategy for a punishment hearing addressing three felony convictions. Without some record illuminating counsel's strategic reasons for his questioning of witnesses, we find nothing in the record to warrant a finding Bells' trial counsel rendered deficient performance.

Even if there was evidence to support a finding of deficient performance by counsel, Bells would be hard-pressed to demonstrate prejudice. The State's indictment alleged Bells' crime was committed in a drug-free zone; Foreman testified Bells' house, where the drugs were found, was within 1,000 feet of a park with a playground. *See* TEX. HEALTH & SAFETY CODE ANN.

---

[4]At the beginning of the hearing, evidence of six prior convictions—one felony and five misdemeanors—was introduced without objection from Bells. In at least three of those cases, she was initially placed on some form of community supervision, which was eventually revoked.

5

§ 481.134. Where possession with intent to deliver cocaine is committed in a drug-free zone, the minimum punishment is increased by five years. TEX. HEALTH & SAFETY CODE ANN. § 481.134(c). At the conclusion of evidence and argument, the trial court sentenced Bells to five years' confinement for the two possession cases and twenty months' confinement for the community supervision revocation. Following a recess, the State's attorney advised the trial court she had been made aware of the five-year enhancement for the cocaine case. After some discussion, the State agreed to abandon the drug-free-zone allegations in the instant case and retain the allegation for the possession of marihuana charge (cause number 06-10-00155-CR); and the trial court states the judgments will reflect as much.[5] The judgments reflect this agreement: the judgment for the instant case states Bells was convicted of possession with intent to deliver cocaine, more than one gram but less than four grams, and part of the plea bargain is represented as the State having abandoned the allegation of a drug-free zone. Trial court cause number 23639 (our cause number 06-10-00155-CR) states Bells was convicted for the offense of possession of marihuana, more than four ounces but less than five pounds, in a drug-free zone.

Bells argues she might have been sentenced to two years' confinement rather than five years if not for counsel's opening the door to Foreman's testimony about her previous uncharged drug trafficking activities. She bases this argument on her testimony that she was taking college classes, the academic success of her school-age children, and that she had regularly reported and

---

[5]Had the State abandoned the drug-free-zone allegation on the possession of marihuana charge, or had the trial court not made an affirmative finding, that crime would have been a state jail felony, not a third degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (Vernon 2010); § 481.134(d).

6

made payments for her community supervision. However, based on the record before us, we cannot say that Bells has demonstrated a reasonable probability the result of the proceeding would have been different but for the alleged error of her trial counsel.[6] Bells had six previous convictions, of which one was a felony, dating from 1995. It appears from the record that, on at least three of those prior offenses, including the felony, she had been placed on community supervision and subsequently had been revoked or at least found to have violated the community supervision's terms and conditions. She was in possession of a not inconsequential amount of drugs,[7] and the circumstances, including her own admission, established she was a drug dealer.[8] The record suggests she sold drugs from her home, with six children present, one as young as three years.[9] She admitted to using both cocaine and marihuana while on community supervision, and her community supervision officer testified that, while she reported regularly, she was almost $600.00 behind in her payments.

Further, while it may not have helped Bells' case to have Foreman detail her involvement in the previous trafficking scheme, it was clearly Bells' strategy to acknowledge her prior wrongdoings and claim she was a changed person who had learned from her prior misdeeds. Judgments of her prior convictions were admitted without objection before any testimony. Her

---

[6]*See Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (citing *Strickland*, 466 U.S. at 687, 694).

[7]Approximately 5.6 ounces of marihuana and 2.78 grams of cocaine.

[8]In addition to pleading guilty, when asked about the digital scales designed to look like a cell phone, Bells said she used the scales to measure drugs.

[9]Bells' children were aged three, seven, eleven, fourteen, seventeen, and eighteen.

testimony to the trial court emphasized the lessons she had learned and tried to explain why she was a different person who could successfully meet the terms of community supervision, despite evidence she had violated supervision terms before. And defense counsel's first statement in closing argument was that Bells had not "hid from her past background or past history." The State asked the trial court to sentence Bells to ten years' incarceration on the second degree charge of possession with intent to deliver cocaine and five years for the possession of marihuana charge. We also find it significant that, when presented with the fact that an affirmative finding on the drug-free-zone allegations would raise the minimum sentence for the enhanced possession charges to seven years, the trial court stated it preferred to sentence Bells to not more than five years. Bells was sentenced to five years' confinement for a second degree felony, possession with intent to deliver cocaine in an amount of one gram or more but less than four grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112(c). Although perhaps the result of initial oversight by the State, she avoided a minimum sentence for that offense of seven years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c). Bells ended up with a sentence of two years less than what could have easily been the minimum range of punishment for the offense she was charged with and to which she pled guilty.[10]

---

[10]Bells argues that the written plea admonishments for the instant charge stated she faced a range of punishment of not less than two, not more than twenty years' imprisonment. But in light of the statements made by all parties, including the trial court, it is clear no one had considered or was aware of the five-year enhancement until after a recess had been taken. When this enhancement was discovered, the trial court stated clearly its preference to sentence Bells to five years. Based on the totality of circumstances, we do not believe the terms of the written plea admonishment outweigh other circumstances present.

We find Bells has failed to meet the *Strickland* standards for a claim of ineffective assistance of counsel. We affirm the trial court's judgment and sentence in the instant cause.

Josh R. Morriss, III
Chief Justice

Date Submitted:    February 8, 2011
Date Decided:     February 23, 2011

Do Not Publish